UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELISHA THOMAS, JR.,

        Petitioner,

vs.                             Case No. 3:18-cv-399-J-39JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

**ORDER**

**I.   INTRODUCTION**

On March 12, 2018, pursuant to the mailbox rule, Petitioner, Elisha Thomas, Jr., initiated this case by filing a handwritten document construed to be a petition for writ of habeas corpus (Doc. 1). The Court ordered Petitioner to file an amended petition on the habeas corpus petition form approved for use in this Court. Order (Doc. 3). On May 3, 2018, Petitioner complied with the Court's directive and filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 4).[1] He challenges his state court (Duval County) conviction for

---

1 As noted by Respondents, the Petition is undated and contains no

sexual battery (count one) and lewd or lascivious molestation (count six). Id. at 1. Petitioner raises four grounds in the Petition: (1) the ineffective assistance of trial and post-trial counsel for failure to present documents proving that Petitioner needed help without prison time; (2) the trial court erred in convicting and sentencing Petitioner as the documents show Petitioner needed to get help before being sent to prison with life probation; (3) the ineffective assistance of "1st DCA" counsel for failure to present documents in open court showing why Petitioner needed help; and (4) the ineffective assistance of trial counsel for failure to advise Petitioner properly concerning his rights before Petitioner entered his plea, and the trial court erred in not ensuring that Petitioner understood his constitutional rights before accepting the plea. Id. at 5-10.

Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus (Response) (Doc. 19).[2] Petitioner filed "A Petition

---

certification of delivery to prison officials for mailing, nor does it contain a date stamp reflecting the date Petitioner turned the document over to prison authorities. See Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 19) at 24 n.11. Therefore, Petitioner is not entitled to the benefit of the mailbox rule with respect to this filing and thus, the Court references the date the document was filed with the Clerk of Court.

[2] The Court hereinafter refers to the Exhibits (Doc. 19) as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit.

to Show Cause Filed by Federal Review to: 28 U.S.C. and 2244 and 2254" (Reply) (Doc. 27) and a Supplement (Doc. 28).[3] See Order (Doc. 17).

## II.  EVIDENTIARY HEARING

Petitioner carries the burden to establish a need for an evidentiary hearing.  See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012).  In this case, the Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Accordingly, Petitioner is not entitled to an evidentiary hearing.  Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

## III.  TIMELINESS

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person

---

Otherwise, the page number on the document will be referenced.

[3] With respect to the Petition, Response, and Reply, the Court will reference the page numbers assigned by the electronic filing system.

in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend Petitioner has failed to comply with the limitation period described above. Response at 2-32. Respondents assert Petitioner is not entitled to the extraordinary remedy of equitable tolling. Id. at 26-32. Petitioner replies that failure

to address his claims for relief on the merits would result in a "manifest injustice." Reply at 2.

The Petition is untimely filed. On October 21, 2008, Petitioner entered a plea of guilty pursuant to a negotiated agreement. Ex. D; Ex. E; Ex. F. After conviction, Petitioner did not appeal. Thus, the conviction became final on Thursday, November 20, 2008 (upon expiration of the thirty-day period in which to appeal the judgment and sentence). Therefore, the limitation period began to run on Friday, November 21, 2008, and ran for twenty-five days until Petitioner filed a pro se motion pursuant to Florida Rule of Criminal Procedure 3.800(c) on Tuesday, December 16, 2008. Ex. G. The limitation period remained tolled until the circuit court denied the motion on Monday, July 13, 2009. Ex. H. This order was not appealable.[4] Frazier v. State, 766 So. 2d 459, 460 (Fla. 1st DCA 2000) (a Rule 3.800(c) motion is directed to the discretion of the court and is not appealable).

---

[4] Meanwhile, Petitioner sought a belated direct appeal; however, after an evidentiary hearing before a special master, the special master recommended denial of the petition, and the First District Court of Appeal (1st DCA) denied the petition for belated direct appeal on its merits. Ex. I; Ex. J; Ex. K; Ex. L. Since the 1st DCA denied the petition for belated appeal, its filing did not toll the AEDPA one-year limitation period. See Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1304 (11th Cir. 2016); Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1142 (11th Cir. 2015).

Thereafter, the limitation period began to run on Tuesday, July 14, 2009. It ran for 183 days until Petitioner filed his pro se Rule 3.850 motion on Wednesday, January 13, 2010. Ex. M at 1-13. On September 21, 2016, the circuit court entered an order denying the post-conviction motion. Id. at 69-137. Petitioner appealed.[5] Id. at 138-46. The 1st DCA per curiam affirmed. Ex. P. The mandate on appeal from the circuit court's denial of the Rule 3.850 motion issued on Thursday, July 27, 2017. Id.

The limitation period began to run on Friday, July 28, 2017. After running for a period of 157 days, the one-year period expired on Monday, January 1, 2018. That being a holiday, Petitioner had until Tuesday, January 2, 2018, to timely file his federal petition. Any post-conviction motions or petitions filed after that date did not serve to toll the limitation period under AEDPA. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion

---

[5] During the pendency of the Rule 3.850 appeal, Petitioner filed numerous other state court pleadings and petitions; however, these matters were resolved during the pendency of the Rule 3.850 post-conviction proceedings; therefore, the petitions/motions have no tolling impact on the AEDPA limitation period for Petitioner. See Response at 8-22. In addition, Petitioner's previously filed federal petition, Case No. 3:15-cv-392-J-32JBT, does not serve to toll the limitation period. Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (a federal petition does not toll the AEDPA period of limitation).

within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period. A state court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

There is one other matter that should be addressed concerning Petitioner's state court motions. See Response at 11-13, 18-19. Respondents state there are two post-conviction motions that were filed in the state court during the pendency of the Rule 3.850 proceeding that are still pending and have not been addressed by the circuit court. Ex. CC (filed September 26, 2011); Ex. JJ (filed April 4, 2015). Upon review, these motions were filed past Florida's two-year deadline for filing such motions and are clearly procedurally barred. Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993) (per curiam) ("we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of the case"). Thus, this Court must assume the procedural bar would have been exercised by the state circuit court and these motions would have been found untimely and

barred. Accordingly, these motions did not serve to toll the one-year limitation period.

In his Reply, Petitioner does not contend equitable tolling of the limitation period is warranted. To the extent he does in the Petition at 13-14, he has failed to establish equitable tolling is warranted. Damren v. Fla., 776 F.3d 816, 821 (11th Cir. 2015) (per curiam), cert. denied, 137 S. Ct. 830 (2017). In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. Agnew v. Fla., No. 16-14451-CIV, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). Equitable tolling is an extraordinary remedy, employed in "rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation omitted), cert. denied, 138 S. Ct. 1042 (2018).

As such, a petitioner must make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," a hurdle not easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted), cert. denied, 546 U.S. 1108 (2006). The

petitioner carries the burden of persuasion, and, in this instance, Petitioner has not met this high hurdle. Indeed, he has not pled "enough facts that, if true, would justify an evidentiary hearing on the issue." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (quoting Hutchinson v. Fla., 677 F.3d 1097, 1099 (11th Cir. 2012)), cert. denied, 135 S. Ct. 1171 (2015).

Indeed, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. A habeas petitioner's lack of legal training and general ignorance of the law are not extraordinary circumstances justifying equitable tolling. Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (per curiam) (procedural ignorance is not an acceptable excuse); Perez v. Fla., 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) (lack of legal education is an insufficient excuse). As expected of other litigants, pro se litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (per curiam), cert. denied, 552 U.S. 1232 (2008).

Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing equitable tolling is warranted. The record demonstrates he had ample time to exhaust state remedies and prepare and file a federal petition. The Court

is not persuaded Petitioner acted diligently. Legal precedence teaches equitable tolling should be used sparingly, and in this instance, Petitioner has failed to show he exercised due diligence. Further, he has not identified some extraordinary circumstance that stood in his way that prevented timely filing. Therefore, the Court finds Petitioner has not shown he is entitled to extraordinary relief. As such, equitable tolling is not warranted.

Petitioner, in his Reply, makes a claim of "manifest injustice." Reply at 2. He argues, "it has been held that when a manifest injustice occurs, the procedural bars would usually prevent a defendant from obtaining relief/release, clearly it should not be applied here, and court should correct this manifest injustice." Id.

Although, "[a]ctual innocence may provide a gateway for a § 2254 petitioner to obtain a decision on the merits for an otherwise time-barred claim[,]" Creel v. Daniels, No. 5:16-cv-00803-LSC-JEO, 2018 WL 2187797, at *2 (N.D. Ala. Apr. 12, 2018), report and recommendation adopted by 2018 WL 2184543 (N.D. Ala. May 11, 2018) (citing McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)), to invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new reliable evidence that was

10

not presented at trial. See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir.) (per curiam) (finding the alleged exception for AEDPA untimeliness requires a petitioner (1) to present "new reliable evidence . . . that was not presented at trial," . . . and (2) to show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence) (citations omitted), cert. denied, 568 U.S. 914 (2012).

Petitioner fails to point to any evidence demonstrating it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. See McQuiggin, 569 U.S. at 395 (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner) (citation and quotation omitted). This lack of new evidence establishing actual innocence proves fatal to any gateway claim.

In conclusion, Petitioner has not presented any justifiable reason why the dictates of the one-year imitation period should not be imposed upon him. He has failed to demonstrate he is entitled to equitable tolling. He has failed to make a credible showing of actual innocence by offering new evidence that is directly probative of his innocence. Therefore, the Court will

11

dismiss the Petition and the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Immediate Release (Doc. 31) is **DENIED**.

2. The Amended Petition for Writ of Habeas Corpus (Doc. 4) and the case are **DISMISSED with prejudice**.

3. The **Clerk** shall enter judgment dismissing the Amended Petition for Writ of Habeas Corpus (Doc. 4) with prejudice and dismissing the case with prejudice.

4. The **Clerk** shall close the case.

5. If Petitioner appeals the dismissal of the Amended Petition for Writ of Habeas Corpus (Doc. 4), **the Court denies a certificate of appealability**.[6] Because this Court has determined

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    **DONE AND ORDERED** at Jacksonville, Florida, this 4th day of May, 2020.

                                         _/s/ Brian J. Davis_
                                         BRIAN J. DAVIS
                                       United States District Judge

sa 5/1
c:
Elisha Thomas, Jr.
Counsel of Record